COATES *v.* COATES.

5-3220

377 S. W. 2d 824

Opinion delivered April 20, 1964.

*Marcus Fietz, Frierson, Walker & Snellgrove,* for appellant.

*Robert Branch, Kirsch, Cathey & Brown,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a divorce case. The wife, Mrs. Billie H. Coates, filed suit against the husband, Joe F. Coates, alleging cruel treatment and/or indignities. Mr. Coates denied Mrs. Coates' allegations, and, by counterclaim, sought a divorce on the grounds of indignities and/or habitual drunkenness, both of which charges Mrs. Coates denied.[1] The cause was heard by the Chancellor, the evidence being taken *ore tenus.* There was a thorough airing of the matrimonial difficulties of these unfortunate people, with

[1] All of these various claimed grounds for divorce come under the 5th sub-section of Ark. Stat. Ann. § 34-1202 (Repl. 1962).

more than a score of witnesses testifying; and the record contains more than 600 pages. The Chancery Court denied Mrs. Coates' complaint, but granted Mr. Coates a divorce on the ground of indignities; and from that decree Mrs. Coates has appealed,[2] urging four points:

"1. The decree of the Court awarding a divorce to appellee was against the clear preponderance of the evidence.

"2. The Court should have awarded appellant a divorce and rights in appellee's property.

"3. The Court should have awarded appellant an interest in the business of the Kingsway Club.

"4. Appellant is entitled to an additional award for attorneys' fee and costs of this appeal."

We dispose of all four of the points under our own topic headings.

I. *Who Was Entitled To A Divorce?* If condonation had been brought into the case we would be strongly inclined to deny each party a divorce; but neither party offered the defense of condonation against the other. See *Ayers v. Ayers,* 226 Ark. 394, 290 S. W. 2d 24. Probably the reason condonation was not brought into the case was that each was anxious to be divorced from the other. They separated on January 22, 1963; and two days later Mrs. Coates filed her suit and obtained a temporary restraining order to prevent Mr. Coates from re-entering the home. Mr. Coates in his testimony said that there was no possibility of the couple living together again: "I would not have her off the Christmas tree." In studying the record we lay aside the matter of condonation.

The parties were married in January 1953 and lived together until January 1963. A son was born in 1959, but since that time the parties have gradually become more and more disagreeable to each other. To recite all the

---

[2] Mr. Coates has a cross appeal claiming that he is entitled to a divorce on the ground of habitual drunkenness, even if we should hold that the Chancery Court was in error in awarding him a divorce on the ground of indignities. We do not reach the cross appeal because we affirm on direct appeal.

evidence would serve no useful purpose. It is sufficient to say that there is ample evidence to support the Chancery decree awarding Mr. Coates a divorce. Mainly it was a question of which set of witnesses the Chancellor would believe. He saw them and evaluated their veracity. We see only the printed page. The Chancellor believed Mr. Coates' witnesses to corroborate his testimony as to indignities; and we cannot say that the Chancellor's findings are against the preponderance of the evidence. Likewise, the Chancellor saw Mrs. Coates and her witnesses and elected to disbelieve them; and we cannot say that such result is contrary to the preponderance of the evidence. Thus we dispose of all of the appellant's points 1 and 2, except the matter of property rights.

II. *Property Rights*. This is the real bone of contention in the litigation, since both parties want a divorce. If the Chancellor had awarded Mrs. Coates a divorce, she would have been entitled to greater property rights than the Chancellor awarded her. But, since the divorce was awarded Mr. Coates as the wronged party, the matter of property rights must be based on such a decree. The parties own as tenants by the entirety their home in Paragould, but subject to a mortgage. The Chancery Court found and decreed:

"... it would not be to the best interest of the parties that the tenancy by the entirety be dissolved at this time, but that this court should reserve and does reserve the jurisdiction to dissolve the tenancy by the entirety in the light of changed circumstances; that under the existing circumstances and until the further order of this court, the plaintiff shall, so long as she shall occupy said property as last hereinabove described as the home for herself and the minor child of the parties, be entitled to the use and occupancy thereof free from interference on the part of the defendant, with the defendant to pay the mortgage loan payments, the taxes, the insurance premiums on the improvements, and the utilities of said residence, including heat, electricity and telephone, excluding, however, long distance telephone calls.

"The plaintiff shall also be entitled, during the period as last hereinabove defined with respect to the property owned by the entirety, to the use of the household goods, the household appliances and the household furnishings in said property and this court should and does reserve the jurisdiction to determine the rights of the parties with respect to said household goods in the event the plaintiff should cease to use the same for the use of herself and their minor child in connection with the occupancy of the property owned by the entirety as above set forth.

"The defendant shall pay the plaintiff on the 4th day of each month beginning May 4, 1963, and monthly thereafter, the sum of $50.00 per month for the support for the minor child of the parties, William Mark Coates.

"The defendant shall pay to the plaintiff as alimony the sum of $100.00 per month on the 4th day of May, 1963, and monthly thereafter on the 4th day of each month, said award as to alimony and to support money being specifically subject to the jurisdiction of this court to change or modify the same in the event of changed circumstances with respect to the parties."

The Court also allowed Mrs. Coates to keep $500.00 which she had withdrawn from the bank at the time of the separation. We think the Court showed wisdom in the decree. Certainly we cannot say that the Court abused its discretion in this property settlement.

There remains the matter of the Kingsway Club, which is a restaurant of some kind that Mr. Coates owned and operated before he married Mrs. Coates. She claims that she is entitled to a half interest in the restaurant as a partner. We find no element of partnership to have been shown. It was Mr. Coates' club before the parties married; and Mrs. Coates worked in the club while she was his wife. Full details of the earnings of the club for the past several years were given. When Mr. Coates pays Mrs. Coates $100.00 a month alimony and $50.00 a month for the child, and keeps up the other payments which the Court required him to make, it seems to us

that full justice has been done as regards property rights. Of course, should Mr. Coates fail to fulfill all of the provisions in the decree, then prompt recourse may be had against him and his property.

III. *Court Costs And Attorneys' Fees.* When the suit was first filed suit money of $250.00 was allowed Mrs. Coates' attorneys. At the conclusion of the Chancery trial an additional $250.00 was allowed. Now, on appeal, we feel that an additional fee of $250.00 should be allowed Mrs. Coates' attorneys, and also that Mr. Coates should pay all the costs of all the courts in this matter.

The decree of the Chancery Court is affirmed except $250.00 additional is allowed as attorneys' fees, and all costs are to be taxed against Mr. Coates.